# EXHIBIT 1

Complaint, ACI International v. My Pillow, Inc. (L.A. Super. Ct. No. 25STCV24839, Aug. 25, 2025)

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/25/2025 9:24 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Rodriguez, Deputy Clerk

WALLIN & RUSSELL LLP
MICHAEL WALLIN, Cal. Bar No. 240344
mwallin@wallinrussell.com
DANIEL WALL, Cal. Bar No. 355044
dwall@wallinrussell.com
26000 Towne Centre Drive, Suite 130
Foothill Ranch, California 92610
Telephone: 949-652-2202
Facsimile: 949-652-2210

Attorneys for Plaintiff
ACI INTERNATIONAL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ACI INTERNATIONAL, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>MY PILLOW, INC., a Minnesota corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 25STCV24839<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) ACCOUNT STATED;**<br><br>**(3) GOODS SOLD AND DELIVERED;**<br><br>**(4) OPEN BOOK ACCOUNT; and**<br><br>**(5) UNJUST ENRICHMENT** |

Plaintiff ACI International ("Plaintiff") complains against My Pillow, Inc. and Does 1 through 10, inclusive, as follows:

## THE PARTIES

1. Plaintiff is, and at all relevant times was, a corporation organized and existing under the laws of the State of California.

2. Plaintiff is informed and believes, and based thereon alleges that, at all relevant times, defendant My Pillow, Inc. ("Defendant") was a corporation organized and existing under the laws of the State of Minnesota.

3. The fictitious defendants herein are sued pursuant to the provisions of California Code of Civil Procedure § 474. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of such fictitious defendants. Plaintiff is informed and believes, and thereon alleges, that each such fictitious defendant was in some way responsible for, participated in or contributed to the matters and things of which Plaintiff complains herein, and in some fashion has legal responsibility therefor. When the true names of such fictitious defendants and their responsibility for, participation in and contribution to the matters and things herein alleged are ascertained by Plaintiff, it will seek leave to amend this Complaint to insert the same.

4. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, defendants, and each of them, were acting as agents, servants, employees, joint venturers, or representatives of each other, and were acting within the full course and scope of their agency, employment and joint venture with the full knowledge, consent, permission, acquiescence and ratification, either express or implied, of each of the other defendants in performing the acts alleged in this Complaint.

## GENERAL ALLEGATIONS

5. Plaintiff is a leading manufacturer, distributor, and marketer of men's, women's, and children's footwear brands.

6. Defendant purchased millions of dollars' worth of goods from Plaintiff.

7. The terms of Defendant's purchases are governed by (i) certain written purchase

orders (collectively, the "Purchase Orders") submitted by Defendant to Plaintiff, and (ii) corresponding written invoices (collectively, the "Invoices") submitted by Plaintiff to Defendant. True and correct copies of the Purchase Orders and Invoices are attached hereto as **Exhibits A** and **B**, respectively, and incorporated herein by reference.

8. The Purchase Orders, the Invoices, and the other agreements between Plaintiff and Defendant establish a contract whereby Defendant is obligated to pay for the goods purchased from Plaintiff (the "Contract").

9. Unfortunately, Defendant failed to pay for certain of the goods purchased from Plaintiff.

10. As of August 22, 2025, Defendant owes $15,407,573.84 to Plaintiff stemming from the Purchase Orders, the Invoices, and the goods purchased by Defendant.

11. Plaintiff has performed all of its obligations to Defendant.

12. Defendant's obligation to perform has neither been waived nor excused.

13. Following Defendant's failure to pay, Plaintiff repeatedly demanded that Defendant pay the past due amount. Despite demand, Defendant has failed and refused to do so.

**FIRST CAUSE OF ACTION**
FOR BREACH OF CONTRACT
(Against All Defendants)

14. Plaintiff repeats and re-alleges each of the prior allegations in this Complaint as set forth above.

15. Plaintiff has timely rendered all performance required of it under the Contract, and no performance by Defendant has been excused.

16. Defendant has defaulted under the terms of the Contract as more fully described above. Such defaults constitute material breaches of the obligations created by the Agreement.

17. Plaintiff has demanded that Defendant perform, and hereby repeats such demand. Despite demand, Defendant has failed and refused, and continues to fail and refuse, to perform its obligations.

18. As a direct and proximate result of Defendant's breach of the Contract, Plaintiff has been damaged in the amount of $15,407,573.84, plus interest and attorneys' fees and costs

pursuant to the Contract.

**SECOND CAUSE OF ACTION**
FOR ACCOUNT STATED
(Against All Defendants)

19. Plaintiff repeats and re-alleges each of the prior allegations in this Complaint as set forth above.

20. Defendant owes money to Plaintiff stemming from the Contract and the goods provided by Plaintiff to Defendant.

21. Plaintiff previously delivered numerous invoices and account statements to Defendant detailing the amounts owed by Defendant.

22. Defendant, by its words and conduct, has acknowledged the validity of the amounts demanded by Plaintiff.

23. Defendant, by its words and conduct, promised to pay the stated amount to Plaintiff.

24. Defendant has not paid the stated amount owed to Plaintiff.

25. As a result of the foregoing, Defendant owes Plaintiff the amount of $15,407,573.84, plus interest and attorneys' fees and costs pursuant to the Agreement.

**THIRD CAUSE OF ACTION**
FOR GOODS SOLD AND DELIVERED
(Against All Defendants)

26. Plaintiff repeats and re-alleges each of the prior allegations in this Complaint as set forth above.

27. Within the last four years, at the request of Defendant, Plaintiff sold and delivered to Defendant, and Defendant accepted, certain goods, wares, and merchandise.

28. The goods, wares, and merchandise so sold and delivered were of the reasonable value of $15,407,573.84.

29. Although demand has been made, Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiff the sum of $15,407,573.84, which is the reasonable value of said goods, wares, and merchandise, less credits and offsets.

30. There is now due, owing, and unpaid from Defendant to Plaintiff the sum of $15,407,573.84, together with interest thereon.

**FOURTH CAUSE OF ACTION**
FOR OPEN BOOK ACCOUNT
(Against All Defendants)

31. Plaintiff repeats and re-alleges each of the prior allegations in this Complaint as set forth above.

32. Within the last four years, in Los Angeles County, California, an open book account was created by and between Plaintiff and Defendant.

33. In said account, Plaintiff entered debits and credits in the regular course of business as charges were incurred by Defendant for goods, wares, and merchandise, and as payments and credits were made.

34. After all just and lawful credits have been allowed, there is now due, owing, and unpaid from Defendant to Plaintiff on said account the sum of $15,407,573.84, together with interest thereon.

35. Despite demand, Defendant has failed and refused, and continues to fail and refuse, to pay said balance.

**FIFTH CAUSE OF ACTION**
FOR UNJUST ENRICHMENT
(Against All Defendants)

36. Plaintiff repeats and re-alleges each of the prior allegations in this Complaint as set forth above.

37. Plaintiff provided valuable goods to Defendant. Defendant substantially and materially benefited from the goods provided by Plaintiff.

38. Therefore, unless Defendant pays Plaintiff the total amount outstanding, plus interest and attorneys' fees and costs, which are due and owing, which remain unpaid, and which continue to accrue, Defendant will be unjustly enriched at the expense of and detriment to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered in this action against My Pillow, Inc. as follows:

1. For judgment in the amount of $15,407,573.84, plus interest on such balance. The total amount of the judgment sought by Plaintiff may exceed $18,000,000.

2. For attorneys' fees as permitted by law, equity or contract.

3. For costs of suit incurred herein.

4. For such other and further relief as the Court may deem just and proper.

Dated: August 22, 2025

WALLIN & RUSSELL LLP

By

MICHAEL WALLIN
DANIEL WALL
Attorneys for Plaintiff
ACI INTERNATIONAL

**EXHIBIT LIST**

Exhibit A: Purchase Orders

Exhibit B: Invoices