# EXHIBIT 14

"Security Agreement" dated January 21, 2026, signed by M. Lindell only

# SECURITY AGREEMENT

THIS SECURITY AGREEMENT ("Agreement"), dated January 21, 2026, is made and entered into between My Pillow, Inc., a Minnesota corporation ("My Pillow") and ACI International, a California corporation ("ACI")(collectively the "Parties").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree to further memorialize the agreement they had reached earlier today as follows:

1. Security Interest. To secure payment of the Obligations (as defined below), My Pillow grants to ACI a security interest in the Collateral (as defined below).

2. Definitions.

"Arctic Frost" means and refers to a joint federal investigation into certain alleged efforts to overturn the 2020 United States presidential election that was commenced in the spring of 2022 and involved a number of federal agencies, including, without limitation, the FBI and the DOJ.

"Obligations" means the amount of money that My Pillow owes ACI as of the date of this Agreement, specifically $15.4 million.

"Collateral" means all funds recovered by My Pillow by any means as a result of Arctic Frost.

"Conditions" means My Pillow's production of its bank statements for the last six months to ACI and My Pillow's production to ACI of the pleadings that were filed under seal in the lawsuit in federal lawsuit in the District of Columbia on January 19, 2026.

3. Representations and Warranties of My Pillow. In order to induce ACI to enter into this Agreement, My Pillow hereby represents and warrants as of the date hereof that:

   a. The Agreement is a legal and binding contract between the Parties duly authorized and executed by My Pillow.

   b. My Pillow has granted no other security interest in the Collateral.

   c. My Pillow agrees that if it recovers or obtains $50 million or more in Collateral, My Pillow will pay 100% of the Obligations to ACI out

of that Collateral.

d. My Pillow agrees that if it recovers or obtains less than $50 million in Collateral, My Pillow will pay a pro rata portion of the Obligations to ACI out of that Collateral. For example, if My Pillow recovers or obtains $40 million in Collateral, it will pay ACI 80% of the Obligations, or $12,320,000.00. If My Pillow recovers or obtains $10 million in Collateral, it will pay ACI 20% of the Obligations, or $3,080,000.00.

e. My Pillow agrees that until ACI obtains payment of the Obligations in accordance with the terms of this Agreement, My Pillow shall not transfer the Collateral into any other party's name or otherwise sell, lease, release, or otherwise dispose of the Collateral.

f. My Pillow agrees that if there is no recovery of Collateral by April 21, 2026, that is, three months from the date of this Agreement, this Agreement is void, subject to the Parties' renegotiation of its terms.

4. <u>Representations and Warranties of ACI</u>. In order to induce My Pillow to enter into this Agreement, ACI hereby represents and warrants as of the date hereof that:

a. The Agreement is a legal and binding contract between the Parties duly authorized and executed by ACI.

b. ACI agrees that if My Pillow recovers or obtains $50 million or more in Collateral, ACI will accept as payment in full 100% of the Obligations, or $15.4 million, paid out of that Collateral.

c. ACI agrees that if My Pillow recovers or obtains less than $50 million in Collateral, My Pillow will pay a pro rata portion of the Obligations to ACI out of that Collateral. For example, if My Pillow recovers or obtains $40 million in Collateral, it will pay ACI 80% of the Obligations, or $12,320,000.00. If My Pillow recovers or obtains $10 million in Collateral, it will pay ACI 20% of the Obligations, or $3,080,000.00.

d. ACI agreed that it will immediately remove any lien or any other encumbrance from any account of My Pillow, including, without limitation, My Pillow's Amazon account. ACI further agrees that it will not place any lien or other encumbrance on any account of My

Pillow, including without limitation, Amazon, for the next three months, that is, until April 21, 2026.

e. ACI may file any Financing Statement it deems appropriate to perfect its security interest in the Collateral.

f. ACI agrees that if there is no recovery of Collateral by April 21, 2026, that is, three months from the date of this Agreement, this Agreement is void subject to the Parties' renegotiation of its terms.

g. ACI agrees that the Conditions were met.

4. Duration. This Agreement shall remain in effect from the date of execution until April 21, 2026 unless otherwise renegotiated by the Parties.

Date: 1-21-26

My Pillow, Inc.
By Michael J. Lindell, its CEO

Date:________________

ACI International
By ____________________, its __________