# EXHIBIT 19

Email, M. Wallin to B. Berens (Jan. 22, 2026, 4:35 p.m. PT) with Forbearance Agreement, Security Agreement, and Joint Irrevocable Instruction re Amazon

**From:** Michael Wallin

**Sent:** Thursday, January 22, 2026 2:35 PM (Pacific)

**To:** Barbara Berens <bberens@berensmiller.com>

**Cc:** 'Anna Liau' <aliau@aciint.com>; Michael Jarzyna <mjarzyna@wallinrussell.com>; Daniel Wall <dwall@wallinrussell.com>

**Subject:** RE: Amazon

**Attachments:** Forbearance Agreement.doc; Joint Instruction re Amazon.docx; Security Agreement.doc

Barbara,

The documents are attached for your review. They are subject to ACI's review and revision.

Michael Wallin

WALLIN & RUSSELL LLP

26000 Towne Centre Drive, Suite 130

Foothill Ranch, CA 92610

Direct: (949) 652-2202

mwallin@wallinrussell.com <mailto:mwallin@wallinrussell.com>

From: Anna Liau <aliau@aciint.com>
Sent: Thursday, January 22, 2026 11:31 AM
To: Barbara Berens <bberens@berensmiller.com>
Cc: Michael Wallin <mwallin@wallinrussell.com>
Subject: Re: Amazon

Hi Barbara,

Mike Wallin is working on finalizing the documents needed. He will be forwarding the documents to you shortly.

Anna

---

From: Barbara Berens <bberens@berensmiller.com <mailto:bberens@berensmiller.com> >
Sent: Thursday, January 22, 2026 11:01 AM
To: Anna Liau <aliau@aciint.com <mailto:aliau@aciint.com> >
Subject: Amazon

Anna, just following up to see if the levy has been lifted. Thanks so much, Barbara

Barbara Podlucky Berens

Berens & Miller, P.A.

3720 IDS Center

80 South Eighth Street

Minneapolis, MN 55402

612-349-6171

WARNING: The information contained in this transmission may be privileged and confidential. It is intended only for the above-identified recipient. Do not read, distribute, or reproduce this transmission. If you are not the intended recipient, please forward this transmission to the author and delete all copies. Thank you.

Caution: This is an external email. Please take care when clicking links or opening attachments. When in doubt, please contact ACI IT Support.

# FORBEARANCE AGREEMENT

This Forbearance Agreement ("Agreement") is entered into on January 22, 2026 between ACI International ("Creditor"), on the one hand, and My Pillow, Inc. ("Debtor"), on the other hand. Creditor and Debtor are collectively referred to herein as the "Parties".

## RECITALS

A. On December 23, 2025, the Orange County Superior Court (the "Court"), within Case No. 25STCV24839, entered judgment in favor of Creditor, against Debtor, in the original amount of $15,408,008.84 ("Judgment").

B. Debtor has not satisfied the Judgment.

C. To collect the Judgment, Creditor is currently undertaking judgment enforcement steps, including causing Notices of Levy to be served on Amazon Payments, Inc. and Amazon.com Services LLC (collectively, the "Amazon Levy").

D. Debtor has asked Creditor to forbear from enforcing the Judgment.

E. Creditor is conditionally willing to forbear from enforcing the Judgment on the terms set forth in this Agreement.

## AGREEMENT

NOW THEREFORE, in consideration of the agreements, covenants, and promises contained in this Agreement, and other good and valuable consideration, the receipt, sufficiency, and validity of which are hereby acknowledged, the Parties hereby agree as follows.

1. Recitals. The above Recitals are incorporated into this Agreement by reference as if set forth in the Agreement at length.

2. No Current Impact on Judgment. This Agreement does not replace the Judgment. Rather, this Agreement sets forth the terms on which Creditor is willing to: (i) forbear from enforcing the Judgment; and (ii) deem the Judgment satisfied. This Agreement does not constitute an accord or satisfaction of the Judgment.

3. No Impact on Judgment Liens. Nothing in this Agreement shall negate or otherwise impact any judgment liens or any ongoing judgment enforcement efforts, except as expressly provided herein.

4. Conditions Precedent. The effectiveness of this Agreement is conditioned on Debtor completing the following by January 23, 2026:

   a. Debtor shall email (to Creditor's counsel) all monthly bank statements from, June 1, 2025 through December 31, 2025, for all deposit accounts in which Debtor or its affiliates have any interest, including without

limitation, all accounts at these financial institutions: (1) FNB Pasco; (2) CBB; (3) Bank of Michigan (including accounts ending in 6332, 6919, and 6968; and (4) GBC International (collectively, the "Accounts").

b. Debtor shall execute, and deliver to Creditor's counsel, the instruction regarding the Amazon Levy attached hereto as **Exhibit A** (the "Instruction").

c. Debtor shall execute, and deliver to Creditor's counsel, the security agreement attached hereto as **Exhibit B** (the "Security Agreement").

The above-stated obligations are referred to collectively as the "Conditions Precedent". If any of the Conditions Precedent are not timely satisfied, this Agreement shall be null, void, and of no force or effect.

5. Amazon Levy. If the Conditions Precedent are timely satisfied, Creditor shall deliver the Instruction to Amazon.

6. Debtor's Obligations. Following execution of this Agreement, Debtor shall do the following:

a. By February 5, 2026, Debtor shall email to Creditor's counsel monthly statements for the Accounts for January 2026;
b. By March 5, 2026, Debtor shall email to Creditor's counsel monthly statements for the Accounts for February 2026;
c. By April 5, 2026, Debtor shall email to Creditor's counsel monthly statements for the accounts for March 2026;
d. By February 28, 2026, Debtor shall provide evidence that Michael Lindell met with President Trump at some time between February 1, 2026 and February 28, 2026 to discuss "Arctic Frost";
e. By February 28, 2026, Debtor shall provide evidence that it has submitted all necessary documents to the government to seek compensation relating to "Arctic Frost";
f. Debtor shall not allow any of its creditors to obtain judgment against Debtor; and
g. Debtor shall not allow any of its creditors to levy on any of Debtor's assets.

The above-stated obligations are referred to collectively as the "Post-Agreement Obligations".

7. Forbearance. If the Conditions Precedent are timely satisfied, and for so long as Debtor timely complies with the Post-Agreement Obligations, Creditor shall forbear, refrain, and otherwise stop taking any new steps to enforce the Judgment until April 15, 2026.

8. Effect of Failure of Post-Agreement Obligations. If Debtor fails to timely perform any of the Post-Agreement Obligations, Creditor shall be entitled to immediately enforce the Judgment.

9. Legal Counsel. The Parties represent they have had the opportunity to review and consult with their own independent legal counsel regarding this Agreement and sign this Agreement of voluntarily and of their own free will.

10. Time of Essence. Except as specifically provided herein, time is of the essence with respect to performance of all terms and conditions of this Agreement.

11. Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the Parties, as well as their respective successors and assigns.

12. Counterparts/DocuSign. This Agreement may be signed in counterparts, and when each party has signed a counterpart, all signed counterparts taken together shall constitute a single document. This Agreement may be signed using Docusign and signatures via Docusign shall be treated as original signatures.

IN WITNESS WHEREOF the Parties hereto have executed this Forbearance Agreement on the day and date first above written.

**ACI INTERNATIONAL**

By: ______________________________
Name: Steven Jackson
Title: Chairman and CEO

**MY PILLOW, INC.**

By: ______________________________
Name: Michael Lindell
Title: President

# FORBEARANCE AGREEMENT

This Security Agreement ("Agreement") is entered into on January 22, 2026 between ACI International ("Creditor"), on the one hand, and My Pillow, Inc. ("Debtor"), on the other hand. Creditor and Debtor are collectively referred to herein as the "Parties".

## RECITALS

A. On December 23, 2025, the Orange County Superior Court (the "Court"), within Case No. 25STCV24839, entered judgment in favor of Creditor, against Debtor, in the original amount of $15,408,008.84 ("Judgment").

B. Debtor has not satisfied the Judgment.

C. The Parties have entered into a Forbearance Agreement of even date herewith (the "Forbearance Agreement").

D. As collateral for Debtor's obligations under the Judgment, Debtor has agreed to grant certain collateral to Creditor.

## AGREEMENT

NOW THEREFORE, in consideration of the agreements, covenants, and promises contained in this Agreement, and other good and valuable consideration, the receipt, sufficiency, and validity of which are hereby acknowledged, the Parties hereby agree as follows.

1. Recitals. The above Recitals are incorporated into this Agreement by reference as if set forth in the Agreement at length.

2. No Current Impact on Judgment. This Agreement does not replace the Judgment. This Agreement does not constitute an accord or satisfaction of the Judgment.

3. No Impact on Judgment Liens. Nothing in this Agreement shall negate or otherwise impact any judgment liens or any ongoing judgment enforcement efforts, except as expressly provided herein.

4. Secured Obligations. This Agreement secures payment and performance of all obligations of Debtor to Creditor arising from or relating to the Judgment or the Forbearance Agreement (collectively, the "Secured Obligations").

5. Grant of Security Interest. As security for the Secured Obligations, Debtor hereby grants to Creditor a continuing security interest in all assets and property of Debtor, whether now owned or hereafter acquired, and wherever located, including without limitation:

- all accounts, accounts receivable, chattel paper, deposit accounts, equipment, inventory, instruments, investment property, general intangibles, payment intangibles, and letter-of-credit rights;

- all interests, rights, claims, and causes of action arising from or related to "Arctic Frost" and efforts to receive compensation from any governmental agency, including without limitation, the federal government; and
- all proceeds and products of the foregoing.

The foregoing is referred to as the "Collateral."

6. Perfection; Authorization to File. Debtor authorizes Creditor to file one or more UCC financing statements and amendments describing the Collateral as "all assets" or similar language, in any jurisdiction Creditor deems appropriate, including but not limited to California and Minnesota, and in Debtor's state of residence or organization, as applicable.

7. Remedies. Upon any default under the Judgment or the Forbearance Agreement, Creditor shall have all rights and remedies of a secured party under the Uniform Commercial Code and other applicable law, in addition to any other rights or remedies available at law or in equity.

8. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to conflict-of-law principles, except to the extent the Uniform Commercial Code of another jurisdiction governs perfection or priority.

9. Continuing Security Interest. This security interest is continuing and shall remain in effect until the Secured Obligations are paid and performed in full.

10. Legal Counsel. The Parties represent they have had the opportunity to review and consult with their own independent legal counsel regarding this Agreement and sign this Agreement of voluntarily and of their own free will.

[CONTINUED ON NEXT PAGE]

11. Counterparts/Docusign. This Agreement may be signed in counterparts, and when each party has signed a counterpart, all signed counterparts taken together shall constitute a single document. This Agreement may be signed using Docusign and signatures via Docusign shall be treated as original signatures.

IN WITNESS WHEREOF the Parties hereto have executed this Security Agreement on the day and date first above written.

**ACI INTERNATIONAL**

By: ______________________________
Name: Steven Jackson
Title: Chairman and CEO

**MY PILLOW, INC.**

By: ______________________________
Name: Michael Lindell
Title: President

Michael Wallin
Direct: 949.652.2202
Email: mwallin@wallinrussell.com

August 31, 2026

Amazon Payments, Inc.
c/o Alex Rivera
Davis Wright Tremaine LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104

Amazon.com Services LLC
c/o Alex Rivera
Davis Wright Tremaine LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104

Re: Joint Irrevocable Instruction re My Pillow, Inc.

Dear Mr. Rivera:

As a reminder, I am the attorney representing ACI International ("ACI") with respect to its judgment against My Pillow, Inc. ("My Pillow"). As you know, Notices of Levy have been served on Amazon Payments, Inc. and Amazon.com Services LLC (collectively, "Amazon").

ACI and My Pillow have reached the following agreement regarding the levies:

1. Except as expressly modified by this joint instruction, the levies shall remain in effect.
2. Notwithstanding the levies, Amazon can continue to make payments to My Pillow (as opposed to the Sacramento County Sheriff's Office) until the earlier of (i) Amazon's receipt of any other Notice of Levy regarding My Pillow, or (ii) Amazon's receipt of an instruction from ACI or my firm instructing Amazon to make payments to the Sacramento County Sheriff's Office rather than to My Pillow (any such instruction will be effective upon email sent to Alex Rivera at AlexRivera@dwt.com and Arthur Katz at ArthurKatz@dwt.com. Events (i) and (ii) above are each referred to as a "Triggering Event".
3. Upon the occurrence of any Triggering Event, Amazon shall thereafter comply with the levy as if this joint instruction did not exist.
4. This joint instruction is irrevocable by My Pillow.

My Pillow's confirming signature is below. If you need anything further, I can be reached at 949-652-2202 or mwallin@wallinrussell.com.

Sincerely,

Michael Wallin

for WALLIN & RUSSELL LLP

**AGREED TO**:

**MY PILLOW, INC.**

By: ______________________________________
Name: Michael Lindell
Title: President